UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

CHRIS L. HOOKER,

    Plaintiff,

v.

CLARK COUNTY et al.,

    Defendants.

2:14-cv-36-APG-NJK

**DISMISSAL ORDER**

    This action is a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983 by a prisoner. On March 21, 2014, this Court issued a screening order granting Plaintiff's application to proceed *in forma pauperis*. (ECF No. 3 at 7). The Court ordered Plaintiff to pay an initial installment filing fee in the amount of $26.58 within thirty (30) days of the entry of the screening order. (*Id.*). The order also stated that "[f]ailure to comply with this order may result in the dismissal of this action." (*Id.*). The order stated that the complaint could proceed against Defendants Nurse Rene John and Dr. Mondora and directed the Clerk of the Court to issue summonses. (*Id.* at 7-8). The thirty-day period has now expired, and Plaintiff has not paid the initial installment filing fee of $26.58 despite the Clerk of the Court re-mailing the screening order to Plaintiff's updated address. (*See* ECF No. 6, 7, 8).

    District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963

F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

In the instant case, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor – public policy favoring disposition of cases on their merits – is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. The Court's order requiring Plaintiff to pay the initial installment filing fee of $26.58 within thirty (30) days expressly stated: "Failure to comply with this order may result in the dismissal of this action." (ECF No. 3 at 7). Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order to pay the initial installment filing fee of $26.58 within (30) thirty days.

It is therefore ordered that this action is dismissed without prejudice based on Plaintiff's

failure to pay the initial installment filing fee of $26.58 in compliance with this Court's March 21, 2014 screening order.

It is further ordered that the Clerk of Court shall enter judgment accordingly.

DATED: This 2nd day of May, 2014.

_____
United States District Judge